UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL CAWLEY NEWMAN II, | ) |
| Plaintiff | ) |
| v. | ) No. 1:25-cv-00458-JAW |
| PENOBSCOT COUNTY DISTRICT ATTORNEY'S OFFICE, | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Randall Cawley Newman II's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Newman brings claims under the First, Fifth, Sixth, and Fourteenth Amendments against the Penobscot County District Attorney's Office alleging that he was interrogated without being advised of his rights and wrongfully arrested for throwing his "daughter down stairs." Complaint at 3-4. He asks this Court to dismiss his pending state court criminal case and award him $8 million in damages. *See id.* at 4.

I recommend that the Court **DISMISS** Newman's complaint for several reasons. First, the Penobscot County District Attorney's Office is immune from suit under the doctrine of sovereign immunity. *See Floyd v. Waldo Cnty. Sheriff's Dep't*, Nos. 1:23-cv-00378-NT, 1:23-cv-00379-NT, 2024 WL 2110265, at *3 (D. Me. May 10, 2024) (rec. dec.) ("[The Plaintiff's claims against . . . the Waldo County

District Attorney's Office are subject to dismissal because [that entity is] immune from suit under the doctrine of sovereign immunity."), *aff'd*, 2024 WL 2924213 (D. Me. June 10, 2024). Second, this Court may not interfere with Newman's ongoing criminal case in state court. *See In re Justices of the Superior Ct. Dep't of the Mass. Trial Cts.*, 218 F.3d 11, 16 (1st Cir. 2000) (noting that the *Younger* abstention doctrine prevents federal courts from interfering with ongoing state criminal proceedings "even where defendants claim violations of important federal rights"). And finally, Newman's complaint lacks sufficient cogent detail to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.) (noting that an unrepresented plaintiff's complaint must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: September 12, 2025          /s/ Karen Frink Wolf
                                   United States Magistrate Judge